By the Court.

This is a case, in which the Court has to pronounce on the validity of a will, which is said to be defective, in some of the formalities prescribed bylaw. Cases of this nature are always of importance, as they do not merely affect the interest of the parties to the suit, but are of general concern.
The very ancient practice of bequeathing by will has been sanctioned by positive laws, in civilized countries : but, in order to prevent imposition and abuses, strict rules have been laid down, minutely and carefully delining the manner in which this right of bequeathing is to be exer-' cised. At the same time, so anxious were Legislators to secure to individuals all possible means of disposing of their estate, in prospect of death, that they have established a variety of forms, pro-, viding for all contingencies among which the tes *163 tator may select that which is for him of easier J performance.
In this country we may choose among these sorts of testaments. For those who can write, the olographic testament is commodious, safe, and unex pensive. For those who wish their will to remain secret until after their death, the mystic or sealed testament is provided. Those( who cannot write or are unwilling to trust to their own' capacity to make a testament, may resort to the nuncupative will : this latter sort is again divided into two : the nuncupative testament by public act, and the nuncupative testament under private signature. So that there is hardly any situation in life, where a person cannot make his last will according to one or other of the established forms.
But, if on the one hand, the laiv is on this subject abundantly provident, on the other, it requires a rigid observance of its rules : whatever may be the mode resorted to, that must be strictly complied with. For a testament being the solemn declaration of the testator’s will, according to positive law, every formality required by law for the enacting of it, may be considered as a condition, without which the instrument is not com-píete. It is, therefore, on the compliance of these formalities alone, that the law is willing to recog-f nize the testament as legal, and to suffer the established order of succession to yield to the will of . the testator.
*164 Let us see whether, in this case, thé requisite formalities have been observed. There are several objectións to the validity of this will among which the most material appear to be 1. that the will was not written by the notary himself but by his clerk. 2. That one of the persons mentioned in the body of the instrument, as a witness to the will, was not present at the making of it.
I. With respect to the first, it has been contended by the appellee that what is written by the clgrk of a notary ought to be considered as written by the notary himself: that the law which requires the notary to write the will, cannot mean that he is himself to hold the pen : that, according to universal custom, notaries employ clerks to write for them, and that what is thus written by these, under their order and inspection, is supposed to be written by themselves.
However it may be, with respect to notarial acts in general, it certainly appears that something more than the usual attention of the notary is reqúired in cases of testaments. If it be true that he may, on other occasions, employ the hand of his clerk to write for him, the law relative to the receiving of wills is and must have intended to be an express exception to that custom. If such had not been the object of the law there was no necessity of recommending to the notary .to write the will. For, notarial acts, being those that ara *165 madé before a notary, reduced to writing by, under his direction and rendered authentic by his signature, nothing more was necessary to render the nuncupative will a public notarial act than to provide that it should be received by the notary. Why then this further condition that it should be written by him.
I t is said that the words of a law are generally to be understood in their most known and usual signification, and that, according to this maxim when the law says that the notary shall write, it ought to be understood that he shall either write himself, or employ his clerk, to write for him, as the custom prevails. - But We think that this mode of interpretation would go farther and make this part of the law an utter nullity because it would leave the nuncupative will by public act, on the very same situation, in which it would have been without any such recommendation. If so dangerous a system of interpretation should obtain, few laws indeed would bp able to resist its attacks. But the Court is not disposed to take such liberties with laws that are clear and significant, and is impressed with due respect for a maxim more applicable to this.case than the other, viz. “ That when a law is clear and free from ambiguity, the letter, of it is not to be disregarded under pretext of pursuing its spirit.” The law which makes it the duty of the notary to ; Write the will is not only, clear in its expressions* *166 it is also clear in ^ts object. / The Legislature has, been unwilling to trust any body else but the notary, with the sacred function of writing a will—a function which in unfaithful or negligent hands may be liable to abuse of the most serious and most dangerous nature. But, be that as it may, the law is such and must be obeyed. Should this be attended to with inconvéniencies, the Court could not remedy it. It is, however, satisfactory to reflect that when no notary can be had, capable of writing, in the language of the testator, the will may be made before witnesses alone, so that no possible mischief can result from the strict observance of the law.
II. The other material objection to the validity of the wHl is. that P. S; Godefroy, one of the persons mentioned in the body of the instrument, as a witness, was not present when the will was dictated, nor when it was read.
This is certainly another serious imperfection of this will. For, altho’, it seems that another witness was afterwards called in to supply the pláce of the absent one, it does not appear that this witness was at all present, at the dictating of the will, no does even the oral testimony, admitted to prove that he was present at the reading of it, agree with the letter of the instrument, which says that the will was read “ irj, the presence of the above witnesses ” íhat is to say Go- *167 defroy, Leroux arid Magifbl. Yet, according the rules laid down in our code, which agrees in this respect with the Spanish law, the witnesses must be present, both at the receiving and at the reading of the will. They must, says Febrero “ all at one and the same time hear the words “ from the mouth of the testator. He is to de- “ clare his will before them verbally, clearly and “ distinctly. ” Therefore, when two witnesses only have been present at the dictating of a will, when three were necessary, and when a third has been called in after the will was written, it cannot be said that the requisites of the law have been complied with. Neither can it be reconciled with the strictness of form required for the validity of testaments that one of the witnesses, named in the instrument as present, should have .been absent, and another witness not at all mentioned should have been called to supply his place.
The other objections raised against this will, tho’ not without some weight, are not deemed of sufficient importance to be adverted to. But, we are of opinion, that a nuncupative will, by public act, must be in the hand writing of the notary himself, and that it must be dictated by the notary to the testator, in presence of the witnesses. Consequently, altho’ there appears nothing in this case, but what is perfectly fair; the Court is bound to say, that his will is not valid in law.
*168 Jx is therefore ordered, adjudged and decreed , the judgment of the District Court be reversed and that a mandamus issue to the Judge of the Court of probates, directing him to cancel anc] annui tiie letters testamentary granted on the will of John Browen, it being the opinion of the Court, that the said will is void. And it is further ordered that the costs be paid out of the estate of said Browen.